Filed 7/25/22  P. v. Cortes CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE LUIS CORTES,<br><br>Defendant and Appellant. | B313094<br><br>(Los Angeles County<br>Super. Ct. No. VA130706) |

APPEAL from an order of the Superior Court of Los Angeles County.  Laura F. Priver, Judge.  Reversed and remanded with directions.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Blythe J. Leszkay, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In July 2014, pursuant to a negotiated plea agreement, defendant and appellant Jose Luis Cortes pled no contest to carjacking (Pen. Code, § 215, subd. (a)) and second degree robbery (§ 211). Defendant admitted an allegation of personal gun use as to both counts (§ 12022.53) and further admitted having suffered a prior conviction for a serious or violent felony within the meaning of the "Three Strikes" law and section 667, subdivision (a)(1).

The parties stipulated to a factual basis for the plea and the court accepted defendant's plea and waivers on the record, finding them to have been knowingly, intelligently and voluntarily made. The remaining counts and special allegations were dismissed pursuant to Penal Code section 1385.

In accordance with the plea agreement, the court sentenced defendant to state prison for 23 years, calculated as follows: the low term of three years on the carjacking count, doubled due to the prior strike, plus a consecutive 10-year term for the gun use enhancement and a consecutive five-year term pursuant to Penal Code section 667, subdivision (a)(1); and on the robbery count, a consecutive one-year term (one-third the midterm), doubled due to the strike prior. The court imposed and stayed a 10-year term for the gun use enhancement as to the robbery count.

In October 2020, pursuant to Penal Code former section 1170, subdivision (d)(1), the Secretary of the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the superior court recommending that defendant's sentence be recalled and that he be resentenced in light of the amendments to section 12022.53 that were enacted after defendant's original sentencing. The evaluation report attached to the Secretary's letter indicated that defendant had been

participating in various educational and self-help opportunities in prison, was subject to a potential deportation hold, received regular visitation and had "strong family support."

On November 6, 2020, the court sent a letter to the CDCR, rejecting the Secretary's recommendation for a recall of sentence. The court's letter erroneously stated defendant had been convicted by a jury of multiple robberies and his conviction had been affirmed on appeal. The court also indicated it believed the original sentence was appropriate given the nature of defendant's crimes.

Defendant made a request for reconsideration. The Alternate Public Defender's Office submitted a letter on defendant's behalf, supplementing the materials originally submitted by the Secretary. The materials stated defendant had "earned a favorable security designation" based on good behavior and was moved to Level 1, participated in fire camp training and was prequalified to join a fire camp assignment, obtained a high school diploma and computer literacy certificate and was taking college courses toward completion of a bachelor's degree.

On May 5, 2021, the court issued its written ruling denying defendant's request for a recall of sentence. The court acknowledged defendant's efforts to take advantage of educational and vocational opportunities while incarcerated, but again stated its belief the original sentence was appropriate, that defendant had agreed to the disposition during the plea negotiations and the People were entitled to the benefit of that agreement

This appeal followed.

While this appeal was pending, the Legislature passed Assembly Bill 1540 (2021–2022 Reg. Sess.) which, among other

things, moved the recall provisions of Penal Code former section 1170, subdivision (d) to the newly enacted section 1170.03 and clarified the procedural requirements to be followed when requests for recall are made. (Stats. 2021, ch. 719, § 3.1.) The provisions became effective January 1, 2022. On June 30, 2022, the Legislature passed Assembly Bill 200 (2021–2022 Reg. Sess.) which, among other things, renumbered section 1170.03 as section 1172.1, with no change in the text. (Stats. 2022, ch. 58, § 9.)

Respondent concedes that remand for reconsideration of the recall recommendation is appropriate. We agree.

Penal Code section 1172.1, subdivision (a)(1) maintains the language of former section 1170, subdivision (d) that when a defendant, as here, has been committed to the custody of the CDCR, the court may "at any time," upon the recommendation of the Secretary, recall the sentence and resentence the defendant. (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040; *People v. Cepeda* (2021) 70 Cal.App.5th 456, 464.)

Newly enacted Penal Code section 1172.1, subdivision (b)(2) provides that where, as here, a resentencing recommendation is made by the Secretary of the CDCR, the defendant is entitled to notice and the appointment of counsel, and "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18."

Moreover, under the new statutory language, in considering a recall recommendation, the court "shall apply any changes in law that reduce sentences or provide for judicial discretion" (Pen. Code, § 1172.1, subd. (a)(2)), may consider

4

postconviction factors (*id.*, subd. (a)(4)) and "regardless of whether the original sentence was imposed after a trial or plea agreement" the court may "[r]educe a defendant's term of imprisonment by modifying the sentence" (*id.*, subd. (a)(3)).

Finally, the "court shall state on the record the reasons for its decision to grant or deny recall and resentencing." (Pen. Code, § 1172.1, subd. (a)(6).)

## DISPOSITION

The order denying the request for recall of sentence is reversed and the case remanded to the superior court with directions to conduct further proceedings in accordance with this opinion and Penal Code section 1172.1.

GRIMES, Acting P. J.

WE CONCUR:

WILEY, J.

HARUTUNIAN, J.*

---

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5